UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Toshina Toyer,                                                Case No.  3:25-cv-1283

          Plaintiff,

    v.                                                    MEMORANDUM OPINION
                                                             AND ORDER

St. Vincent Mercy Medical Center, *et al.*,

          Defendants.

## I.     INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Toshina Toyer, a Toledo, Ohio resident, filed this medical malpractice action against the Toledo St. Vincent Mercy Medical Center, Toledo Physician Thomas Blomquist, and Toledo Medical Examiner Diane Scala-Barnett.  Plaintiff's Complaint is very brief.  In its entirety, it states: "suing the St. Vincent Medical Center for Medical Malpractice by which the hospital did not properly investigate the death of Mr. Dequann Toyer and failed to follow medical procedures to survive him."  (Doc. No. 1 at 4).  She does not specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis.*  (Doc. No. 2).  That Application is granted.

## II.     STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action pursuant to 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).  A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Id.* at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the "right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, I must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  ANALYSIS

Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority "to decide cases that the Constitution and Congress have empowered them to resolve." *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.

2

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that she is a citizen of one state and all the Defendants are citizens of other states. The citizenship of a natural person equates to his or her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).

The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. A plaintiff in federal court has the burden of pleading the citizenship of all parties so that the court may confirm there is complete diversity between the parties as necessary to establish the court's jurisdiction. *Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645-46 (6th Cir. 2003) (citing Fed. R. Civ. P. 8 and *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.,* 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

While Plaintiff does not allege the citizenship of any of the parties, she lists Toledo, Ohio addresses for all Defendants. (*See* Doc. No. 1). Without additional information, the Complaint, as written, suggests that the Plaintiff and all Defendants are citizens of Ohio. Thus, Plaintiff has not met her burden to show this Court has subject matter jurisdiction based upon diversity of citizenship.

If federal jurisdiction exists in this case, then it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, a court looks only to the "well-pleaded allegations of the Complaint and ignore[s] potential defenses" a defendant may raise.

3

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citation and internal quotation marks omitted).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. But even with that liberal construction, I conclude the Complaint does not raise a federal question. The only cause of action mentioned in the Complaint is a state-law claim, medical malpractice, and none of the other allegations in the Complaint can be read to suggest a violation of federal law. Therefore, I conclude Plaintiff has not established there is federal question jurisdiction either.

### IV.    CONCLUSION

For the reasons stated above, I conclude this Court lacks subject matter jurisdiction in this case. Plaintiff's Application to Proceed *in Forma Pauperis*, (Doc. No. 2), is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge